1   **WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lombardi, individually and as Personal Representative of the Estate of Clarise Lombardi,<br><br>  Plaintiff,<br><br>vs.<br><br>TriWest Healthcare Alliance Corp., an Arizona corporation; TriWest Alliance, Inc.; Black Corporations, I-V; White Companies I-V; John and Jane Does I-X,<br><br>  Defendants. | No. CV-08-02381-PHX-FJM<br><br>**ORDER** |

Plaintiff Michael Lombardi filed this action in the Superior Court of Arizona in Maricopa County against defendants TriWest Healthcare Alliance Corp. and TriWest Alliance, Inc., alleging violations of state law in connection with the administration of federal healthcare benefits. Defendants removed the action to this court and simultaneously filed a motion to dismiss. We now have before us defendants' motion to dismiss (doc. 2), plaintiff's response (doc. 9), and defendants' reply (doc. 10). We also have before us plaintiff's motion to remand (doc. 8), defendants' response (doc. 11), and plaintiff's reply (doc. 14).

The court also has before it defendants' motion to seal exhibits one, two, and three to defendants' response to plaintiff's motion to remand and proposed exhibits (docs. 12 & 13). We will grant defendant's motion to seal as to exhibits one and three because these

documents contain sensitive personal and medical information (doc. 12). See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).

**I**

Defendants are private corporations that contract with the Department of Defense to underwrite and administer TRICARE federal healthcare benefits.[1] Plaintiff and his deceased wife, Clarise Lombardi, were eligible for TRICARE benefits because of his military service. Beginning in September 2006, plaintiff submitted claims to defendants for Clarise Lombardi's medical expenses, but many of these claims were denied or remained unpaid. In 2007, plaintiff filed an action against defendants for payment of these claims. That action was voluntarily dismissed.

In September 2008, plaintiff filed this action in Superior Court alleging negligence, intentional infliction of emotional distress, and intentional interference with contract. Before being served, defendants paid all amounts still owed under the TRICARE program. Defendants removed this action on the basis of either federal question jurisdiction or the federal officer removal statute. 28 U.S.C. §§ 1441(a), 1441(b) & 1442(a)(1). Defendants now move to dismiss claiming that: (1) the United States is the real party in interest; (2) plaintiff's claims are preempted under federal law; (3) plaintiff failed to exhaust administrative remedies; and (4) plaintiff has failed to state a claim. Plaintiff moves to remand this action to state court.

**II**

We must first address jurisdiction. Plaintiff contends that removal was improper because he has not alleged a federal cause of action. Defendants claim, however, that removal was proper under 28 U.S.C. § 1441 because plaintiff's claims, even though not so

---

[1] The TRICARE program is a managed health care program operating as a supplement to the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS"). See 32 C.F.R. §§ 199.1(r) & 199.17(a). For the purposes of this order, we will refer to CHAMPUS and TRICARE collectively as TRICARE.

- 2 -

styled, arise under federal law or under 28 U.S.C. § 1442(a)(1) because they were acting as agents of the United States. We agree that removal was proper under Section 1442(a)(1).

Under 28 U.S.C. § 1442(a)(1), "[a]ny officer (or any person acting under that officer) of the United States or of any agency thereof" may remove an action filed against them in state court "for any act under color of such office." Removal is proper if defendants: (1) are persons acting under the direction of a federal officer; (2) show "a causal nexus between [their] actions, taken pursuant to a federal officer's directions, and plaintiff's claims;" and (3) "can assert a 'colorable federal defense.'" Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (citing Jefferson County, Ala. v. Acker, 527 U.S. 423, 431, 119 S. Ct. 2069, 2075 (1999)). Unlike 28 U.S.C. § 1441, Section 1442 must be interpreted "broadly in favor of removal." Id. at 1252.

Although they are corporate entities, defendants are "persons" within the meaning of the statute. 1 U.S.C. § 1. The key questions, however, are whether defendants were "acting under" the direction of a federal officer and, if they were, whether those actions were causally connected to plaintiff's claims. These inquiries "tend to collapse into a single requirement: that 'the acts that form the basis for the state civil or criminal suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations.'" In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (quotation omitted). Defendants must show that they were doing more than merely acting under the "general auspices" of a federal officer or in regulated industry, and must show that the actions for which they are now being sued were taken under direct and detailed federal control. Id. at 125. This case presents a close question, but in light of the admonition that Section 1442 is to be interpreted broadly, we conclude that this requirement has been satisfied for the following reasons. See Durham, 445 F.3d at 1252 ("[T]he Supreme Court has mandated a generous interpretation of the federal officer removal statute").

In administering TRICARE benefits, defendants do more than operate in a regulated industry; defendants derive their authority from a detailed system of federal regulations. See

- 3 -

1  10 U.S.C. § 1071, *et seq.*; 32 C.F.R. § 199.1, *et seq.*  And even if plaintiff no longer seeks
2  the payment of TRICARE benefits, his claims stem from defendants' activities administering
3  claims on behalf of the federal government.  As a regional administrator of the program,
4  defendants are closely aligned with the government.  Accordingly, we conclude that they
5  were acting under federal control within the meaning of 28 U.S.C. § 1442(a)(1) when taking
6  the actions that underlie plaintiff's claims.  See Holton v. Blue Cross and Blue Shield of S.C.,
7  56 F. Supp. 2d 1347, 1351-52 (M.D. Ala. 1999) (concluding that removal of action alleging
8  state law claims against administrator of CHAMPUS benefits was proper pursuant to 28
9  U.S.C. § 1442(a)(1)).

10  Finally, defendants assert three defenses arising under federal law–failure to name the
11  United States as a party, federal preemption, and failure to exhaust administrative remedies.
12  Even if defendants do not ultimately succeed on these defenses, they are at least colorable
13  claims.  See Jefferson County, 527 U.S. at 431, 119 S. Ct. at 2075 (1999) ("In construing the
14  colorable federal defense requirement, we have rejected a 'narrow, grudging interpretation'
15  of the statute . . . [w]e therefore do not require the officer virtually to 'win his case before he
16  can have it removed.'") (quotation omitted).  Therefore, removal under 28 U.S.C.
17  § 1442(a)(1) was proper.  We need not address whether federal question jurisdiction exists.

**III**

19  Defendants argue that we must dismiss because plaintiff has not sued the real party
20  in interest, the United States.  The United States is the real party in interest if "the judgment
21  sought would expend itself on the public treasury or domain, or interfere with the public
22  administration, or if the effect of the judgment would be to restrain the Government from
23  acting, or to compel it to act."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102
24  n.11, 104 S. Ct. 900, 909 n.11 (1984) (quotation omitted).  This action does not involve a
25  claim for federal money or federal action.  Although the facts underlying the complaint
26  center on defendants' administration of TRICARE benefits, plaintiff seeks tort damages,
27  which would be chargeable to the defendants alone.  Moreover, defendants' possible reliance
28  on sovereign immunity as a defense to liability does not convert this action into one against

- 4 -

1  the United States. See Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs.,
2  Inc., 447 F.3d 1370, 1375 (Fed. Cir. 2006).

3      Defendants also argue that plaintiff's action is preempted by federal law. We
4  disagree. The TRICARE statute preempts "[a] law or regulation of a state or local
5  government relating to health insurance, prepaid health plans, or other health care delivery
6  or financing methods" applying to "any contract entered into pursuant to this chapter by the
7  Secretary of Defense or the administering Secretaries." 10 U.S.C. § 1103(a). This limited
8  preemption clause does not preclude state common law actions. See Sprietsma v. Mercury
9  Marine, 537 U.S. 51, 64, 123 S. Ct. 518, 526 (2002) (finding that state common law claims
10 were not preempted where the federal statute expressly preempted only "a [state or local] law
11 or regulation."). Plaintiff's claims–negligence, intentional infliction of emotional distress,
12 and intentional interference with contract–sound in tort and do not involve the health
13 insurance laws or regulations of Arizona. Moreover, plaintiff's claims do not involve any
14 contract entered into by the Secretary of Defense or administering Secretaries.

15     In addition, we reject defendants' claim that plaintiff was required to exhaust his
16 administrative remedies before bringing this action. Exhaustion is not required by TRICARE
17 regulations. See 10 U.S.C. § 1079; 32 C.F.R. § 199.10; accord Holton, 56 F. Supp. 2d at
18 1353 ("Congress did not prescribe exhaustion in the [TRICARE] statute."). Because
19 plaintiff's action no longer involves a dispute over unpaid benefits, his state law claims are
20 not appealable through the TRICARE program. See 32 C.F.R. § 199.2 ("An appealable issue
21 does not exist . . . if no [TRICARE] benefits would be payable."). Requiring plaintiff to
22 exhaust administrative remedies would, therefore, serve no purpose.

23     Next, defendants argue that the complaint fails because plaintiff has not met the
24 heightened pleading requirements of Rule 9(b), Fed. R. Civ. P., which requires a party
25 "alleging fraud or mistake" to "state with particularity the circumstances constituting fraud
26 or mistake." Plaintiff argues that Rule 9(b) does not apply to his complaint because he has
27 not brought a claim for fraud. Although plaintiff's claims do not require fraudulent conduct
28 as a necessary element, he has chosen to allege fraudulent conduct as part of his intentional

- 5 -

1 infliction of emotional distress claim. Complaint ¶ 22. This allegation is, therefore, subject
2 to Rule 9(b)'s heightened pleading requirement, and is insufficient. See Vess v. Ciba-Geigy
3 Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003) ("Fraud allegations may damage a
4 defendant's reputation regardless of the cause of action in which they appear, and they are
5 therefore properly subject to Rule 9(b) in every case.").

6 However, because fraud is not an essential element of plaintiff's claim, "allegations
7 of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule
8 8(a)." Id. at 1105. We must disregard any allegations of fraud and then determine whether
9 a claim has been stated. Id. To show intentional infliction of emotional distress, plaintiff
10 must allege that: (1) defendants engaged in "extreme" or "outrageous" conduct;
11 (2) defendants intended to cause emotional distress or recklessly disregarded the near
12 certainty that such distress would result; and (3) severe emotional distress occurred. Citizen
13 Publ'g Co. v. Miller, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005) (citation omitted).
14 Without the allegation of fraudulent conduct, plaintiff has still alleged that defendants acted
15 outrageously with the intention to make him suffer sever emotional distress and that he did
16 so suffer. Complaint ¶¶ 21, 23. Plaintiff has, therefore, sufficiently stated a claim for
17 intentional infliction of emotional distress upon which relief may be granted.

18 Defendants also argue that plaintiff's negligence claim must be dismissed because he
19 has not plead damages, which are a necessary element of a negligence action. See Bloxham
20 v. Glock, Inc., 203 Ariz. 271, 274, 53 P.3d 196, 199 (Ct. App. 2002) ("In an action for
21 negligence, a plaintiff must show 'the existence of duty, breach of that duty, causation, and
22 damages.'") (quotation omitted). Plaintiff has, however, alleged that he was damaged by
23 defendants' negligence in failing to properly and promptly investigate his claims for benefits.
24 Because negligence is not subject to a heightened pleading requirement, plaintiff has
25 sufficiently stated a claim.

26 Finally, defendants contend that plaintiff's intentional interference with contract claim
27 fails because plaintiff cannot show the existence of a contract. "The tort of intentional
28 interference with contractual relations requires a plaintiff to prove: (1) [the] existence of a

- 6 -

1  valid contractual relationship; (2) knowledge of the relationship on the part of the interferor;
2  (3) intentional interference inducing or causing a breach; (4) resultant damage to the party
3  whose relationship has been disrupted; and (5) that the defendant acted improperly."
4  Safeway Ins. Co., Inc. v. Guerrero, 210 Ariz. 5, 10, 106 P.3d 1020, 1025 (2005). Even if
5  plaintiff is able to show a contractual relationship with the government, defendants may not
6  be held liable for interference with that contract because they were acting as agents of the
7  government. 32 C.F.R. § 199.1(e); see Pasco Industries, Inc. v. Talco Recycling, Inc., 195
8  Ariz. 50, 62-63, 985 P.2d 535, 547-48 (Ct. App. 1998) (finding that an agent of the
9  contracting party cannot be held liable for intentional interference with contract). Plaintiff's
10 claim for intentional interference with contract is, therefore, dismissed.

## V

Accordingly, **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion to seal (doc. 12). Exhibits one and three are ordered to be sealed, and exhibit two is ordered to be lodged unsealed. **IT IS FURTHER ORDERED DENYING** plaintiff's motion to remand (doc. 8). **IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss (doc. 2). Plaintiff's intentional interference with contract claim is dismissed, and all other claims remain.

DATED this 1st day of May, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge